(Nos. 2105 to 2138, inclusive, and No. 2174—

CHICAGO TITLE & TRUST COMPANY, ET AL., Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1935.*

MURPHY & ANDERSON AND BARR & BARR, for claimants.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The above claims, numbering 35 in all, arise out of the same general transaction and have been consolidated, by agreement of counsel, in order to facilitate their orderly presentation and consideration. The claimants seek to recover total damages of $157,000.00 against the respondent, the State of Illinois, for damages sustained to real estate and business, by reason of the construction by the State of Illinois, through its proper department, of an overpass on Ogden Avenue, on S. B. I. Rt. No. 18 across what is now S. B. I. Rt. No. 53, and by reason of the change in grade of what is known as the Old Joliet Road through Lisle, in the County of DuPage. This involves damages to property not taken or condemned. This highway improvement project was commenced December 31, 1931 and completed December 1, 1932.

In Claim No. 2174, some additional drainage damage is sought, which it is alleged arises from a change in grade on the old Joliet Road near the intersection of Ogden Avenue, when it was paved in the year 1932. All of the property involved fronts and abuts on Ogden Avenue, which is also known as S. B. I. No. 18.

The damage to all of the properties and business was occasioned by the construction of the over-pass or viaduct mentioned, with the exception that the damage to one piece of property was occasioned as aforesaid.

Route No. 18 has for a number of years been a State Highway in the system of hard roads constructed by the State of Illinois, and runs from the City of Chicago in a generally western direction to the city of Princeton. It is a principal arterial highway and is much used. Prior to the construction of the improvement involved in this case, it was improved with a hard surfaced slab 20 feet in width, and at Lisle was on the same grade as the abutting property.

During the construction of this improvement, which lasted approximately one year, the State constructed along Route No. 18 a long, high and wide overhead pass, whereby it crossed Lincoln Avenue, and which had then been designated by the State as Route No. 53, with long and gradual approaches thereto. This viaduct or overhead pass was constructed with a height at the intersection of Route No. 53 of 18½ feet, and descended with a 4% grade in an easterly and westerly direction, going east approximately 507 feet from this intersection, and going west approximately 623 feet from this intersection.

The properties involved in this case all abut on this overhead pass or viaduct, in whole or in part, with the exception of Lot 6 in Block 45, in Arthur T. McIntosh & Company's Lisle Development No. 4, and Lots 1, 2 and 3 in the same subdivision. These latter lots, together with Lot 4, are all owned by the same individuals, and are used as one unit.

At the time of the building of the overhead pass or viaduct, the paved portion of Route No. 18 was widened to 40 feet for the purpose of providing access to and from Route No. 53, which extends easterly and westerly under the central part of the overhead pass or viaduct. To provide some access to the properties involved on account of Ogden Avenue or Route No. 18, a concrete slab 20 feet in width was laid on the north and south sides of the overhead pass or viaduct, with the exception at the east end of the viaduct on the north side there is no slab or any access to the same from the east on the north side. The distance from the north and south lines of the overhead pass or viaduct to the property lines is approximately 27 feet. For about the east 180 feet, the distance is some 6 or 8 feet. The pavement along the sides of the viaduct, which is also known as a ramp, goes within 2 feet of the viaduct and leaves only about 5 feet both on the north and south between the property line and the line of the pavement, leaving insufficient room for a sidewalk or ornamental trees.

The old Joliet road, which extends northerly and southerly approximately 162 feet east of the east end of the viaduct or overhead pass, was improved by the construction thereon of a concrete slab 20 feet in width, in the Fall of 1932. Prior thereto, the Joliet road was on the same grade

as the abutting property. In the making of the improvement, for a distance of about 200 feet, the grade was raised 4 or 5 feet above the grade of the abutting property.

It is claimed by the claimants that the building of the viaduct or overhead pass has had the effect of almost destroying the value of the abutting properties.

It is also claimed that the raising of the grade on the old Joliet road has so interfered with the drainage on the property involved as to require the expenditure of a large amount of money to correct the same and to fill in the property to the level of the road; and destroyed a large amount of peonies, as is hereinafter set out.

Prior to 1926, the territory surrounding Lisle was mostly farm land. At that time there were only some 15 houses and a few stores located there. In 1928, Arthur T. McIntosh and Company laid out subdivisions at the site of Lisle. Streets were graded; water, gas and electricity were put in in substantially all of the property in the subdivisions. It was contended at the time the evidence was taken that 95% of all the lots in that subdivision had been sold.

Lisle is located about 30 miles from Chicago, about 3½ or 4 miles west of Naperville, and there has been much building from Chicago to Naperville. Lisle is also served by the Chicago & Burlington Railroad, which at the time of the hearing operated 12 or 14 trains daily to and from Chicago.

Generally speaking, the purchasers of these lots were working people in the factories on the west and southwest sides of Chicago. The character of the buildings ranged from modest 2, 3 and 4-room garage type homes to better 5, 6 and 7-room modern homes, including modern improvements.

In the laying out of the subdivisions at Lisle, a building line restriction of 40 feet was placed on all the properties with the exception of those fronting on Joliet Road, Ogden Avenue and Railroad Avenue. The properties sold along Ogden Avenue were all sold and purchased as present or future business properties, and a number of business establishments prior to the building of the overhead pass or viaduct had been commenced and were operating.

During the planning and laying out of the subdivision, no one knew or had any reason to know anything about the overhead pass being constructed, and when it was learned the

State proposed it, an effort was made by some of the owners, or at least one owner, to induce the State to construct this overhead pass at another location, but without any success.

Prior to the laying out of the subdivision now known as Lisle, much of this territory west of Chicago and between Lisle and west of Lisle, had been developed for home and business purposes, and there were a number of small communities, cities and villages in that general territory. It is also served by a bus line in addition to the railroad, with four trips daily. It is shown that Downers Grove is 4 miles east and increased in population in the last ten years from 4,500 to 12,000. Glen Ellyn is 5 miles north of Lisle on Route 53 and Roosevelt Road, and it has very materially increased its population in the past ten years. The same is true of Wheaton, Western Springs, Westmont and other communities.

In addition to the owners of the respective properties, the claimants called seven witnesses, all men of vast experience in the development of real estate in these communities and the value thereof, and the State called three witnesses, all men of equal or similar experiences, and in each instance there was a vast divergence of opinion as to damages done. The claimants' expert witnesses, with the exception as to the Haumesser property, fix the damages at from $52,237.00 to $77,655.00, while the State's witnesses fix the same damages from $24,700.00 to $29,682.00. The claimants' witnesses as to the Haumesser property fixed the damages to his property affected by the viaduct at $9,465.00, while the State's witnesses fixed the same, varying from $2,000.00 to $3,170.00.

The evidence was quite thoroughly presented from both sides. Photographs and plats are in the record, which clearly show the situation, and the court viewed the property involved. Needless to say, the court has had much difficulty in arriving at damages that would be fair to the owners and the State in each instance. Generally speaking, the facts are not in dispute except as to values. The issue in these claims is principally whether the properties involved have been actually damaged by the improvement and the extent of such damage.

Section 13, Article II, Constitution of 1870, provides that private property shall not be taken or damaged for public use without just compensation. Such compensation, when not

made by the State, shall be ascertained by a jury, as shall be prescribed by law.

No effort was made by the State to settle damages before the making of the improvements in question.

The Court of Claims has made awards to property owners for direct physical injury and damage to real estate incurred by reason of hard road construction of State Bond Issue road system.

> *Schoenholz* vs. *State,* 6 C. C. R. 123;
> *Rudd* vs. *State,* 6 C. C. R. 132;
> *Soland, et al.* vs. *State,* 6 C. C. R. 147;
> *Hoffman* vs. *State,* 6 C. C. R. 154;
> *Niestadt et al.* vs. *State,* 6 C. C. R. 476;
> *Kennedy* vs. *State,* 6 C. C. R. 522;
> *Edwards et al.* vs. *State,* 6 C. C. R. 530;
> *Kramer* vs. *State,* 6 C. C. R. 531;
> *Dhermy* vs. *State,* 6 C. C. R. 531.

And this court as now constituted, also awarded damages arising from the change of grade in streets which have been improved by State highways. (See the case of Glenbard Golf Club, Inc. No. 1997 against the State of Illinois, and the other cases consolidated with that one, recently decided by this court).

This court takes the view that the injury or damages to property not taken in the construction of these improvements, for which compensation is to be made, must be a direct physical injury or a disturbance of a right which the owner enjoys in connection with the property, and causing damage in excess of that sustained by the public generally.

The Supreme Court of this State has in numerous instances held that any change in the grade of a street, by which ingress or egress from the private property of an owner is obstructed, amounts to damaging the property for public use within the meaning of Article II, Section 13, of the Constitution of 1870, providing that private property shall not be taken or damaged for public use without just compensation, and this court has construed the measure of damages in these cases to be the difference in value before and after the improvement.

We will consider each case by title and number.

622

IN RE: No. 2105—CHICAGO TITLE & TRUST COMPANY, AS TRUSTEE, *vs.* STATE OF ILLINOIS—Lot 6 in Block 48, Development Unit No. 4:

This lot is unimproved; faces north on Ogden Avenue, the east line of which is approximately 60 feet west of the east end of the viaduct or overhead pass, and fronts approximately 60 feet on Ogden Avenue and Route 18 and is 200 feet deep along Garfield Avenue. Some of the claimant's witnesses place the value of this property before the improvement at $3,885.00, and after the improvement at $350.00, or a damage of $3,535.00. Other witnesses for the claimant place the damage at $2,690.00, $1,650.00, $2,200.00 and $2,200.00. The witnesses for the State fix the damage at $1,000.00. After consideration of all the evidence, and after viewing the premises, we are of the opinion that the sum of $1,400.00 would be a reasonable sum as damage in this case, and we recommend an award in the sum of $1,400.00.

IN RE: No. 2106—SARAH CASEY AND CHICAGO TITLE AND TRUSS COMPANY, AS TRUSTEE, *vs.* STATE OF ILLINOIS, Lot 5 in Block 48 of Unit No. 4:

This lot was sold June 15, 1928, for the sum of $2,850.00. It fronts on Ogden Avenue or Route 18, the east line of the same being approximately 10 feet west of the east line of the east approach of the overhead pass. Its frontage is 50 feet and it is 36 feet wide at the rear and is about 94 feet deep, and unimproved. The witness for the claimant has placed the value of this lot before the improvement at $1,995.00, and immediately after the improvement at $200.00, or a damage of $1,795.00. Other witnesses for claimant fix the damage at $1,050.00, $2,240.00 and $1,650.00. The witnesses for the respondent fix the damage at $600.00. After consideration of all the evidence, and a view of the premises, we fix the damage at $900.00, and recommend an award in the sum of $900.00.

IN RE: No. 2107—GEORGE KOSTOPOULAS AND SYLVIA KOSTOPOULAS AND CHICAGO TITLE AND TRUST COMPANY, AS TRUSTEE, *vs.* STATE OF ILLINOIS, Lots 1, 2, 3 and 4 in Block 48, Unit 4:

These lots front north approximately 200 feet on Ogden Avenue, or Route 18, and Lot No. 1 approximately 108 feet

on Joliet Road, and are all approximately 100 feet deep. The evidence shows a building was erected, and the cost of material for said building was $4,500.00. The owners of the lot furnished the labor themselves, such as interior finish, ceilings and partitions. The improvements consist of a one-story frame building 36x58, the front part being used as a lunchroom and barbecue stand, which is 17x36. The rear of the building was formerly used as a dance hall and is now used as a dining room and is 40x36 in size. There is also a gasoline filling station on the property with a gravel driveway. There is a small building in the rear which is 10x10, and six pumps and three tanks on the property, and the building was erected in 1927. At the time this improvement was made, the property was on the grade with Ogden Avenue or Route 18, which was then improved with a 20-foot slab of concrete. The claimants state that prior to this improvement, they did a much larger business than they do now. Claimants' witnesses fix the value of this property before the improvement at figures from $19,-600.00 and afterwards at $7,500.00, or a damage of $12,000.00. Other of claimants' witnesses fix the damage at $4,813.00, $11,600.00 and $8,000.00. State witnesses fix the damage to this property after the improvement as low as $300.00 and others at $1,000.00, and we are of the opinion that a fair amount of damages sustained in this instance would be $2,500.00, and we, therefore, recommend an award in this case of the sum of $2,500.00.

In Re: No. 2108—Melvin F. Jones and Chicago Title and Trust Company, as Trustee, vs. State of Illinois, Lot 6 in Block 47, Unit No. 4:

The owner purchased this lot in 1927 and paid $3,950.00 therefor. The lot faces north on Ogden Avenue just about the center of the viaduct, and is approximately 50 feet wide and 200 feet deep, and is on the corner of the new Joliet Road or Route 53. It is vacant and unimproved. Damage in this case is fixed by the claimants' witnesses at various sums as in other cases. Some fix the damage at $2,365.00, one at $1,750.00, one at $2,690.00 and one at $2,150.00. Respondent's witnesses fix the damage at $750.00. After a careful consideration of the testimony, plats and pictures of the property, and our own view of the premises, we are of the opinion that the damage

in this case should be $1,250.00, and, therefore, we recommend an award in this case of the sum of $1,250.00.

IN RE: No. 2109—JOSEPH CERNY AND CHICAGO TITLE AND TRUST COMPANY, AS TRUSTEE, *vs.* STATE OF ILLINOIS, Lot 5 in Block 47, in Unit No. 4:

This lot fronts on Ogden Avenue, north, and is 50 feet wide and 200 feet deep, and is approximately 50 feet east of the center of the overhead pass. The owner claims to have paid $2,300.00 for it in 1929 and claims he purchased the same for business purposes. Witnesses for claimant fix the damage in this case at $1,435.00, $1,250.00, $1,750.00 and $1,500.00. Respondent's witnesses fix the damage at $625.00 and after viewing the premises and giving full consideration to the testimony, we are of the opinion that in this case the damages should be $900.00, and, therefore, we recommend an award in the sum of $900.00 in this case.

IN RE: No. 2110—ESTHER FREEMAN AND CHICAGO TITLE AND TRUST COMPANY, AS TRUSTEE, *vs.* STATE OF ILLINOIS, Lot 4 in Block 47, Unit No. 4:

This lot faces north on Ogden Avenue and is 50 feet wide and 200 feet deep, and is improved with a 5-room, one-story frame house. The west line of the lot is located about 100 feet east of the center of the viaduct, and originally cost the owner $2,000.00. The evidence shows that the improvement cost $2,000.00, and the owner claims that after this overhead pass was built, she did not get any renters for anything like an adequate consideration. At the time of her testimony she was getting $10.00 a month. Unquestionably, general conditions have affected this rental value considerably. Claimant's witnesses fix the damage in this case at $1,790.00, $1,550.00 and $1,900.00. Witnesses for the State fix the damage, one at $1,225.00 and the other at $1,400.00. After viewing the premises and considering the evidence, we are of the opinion that in this case the damages should be fixed at $1,400.00, and we therefore recommend an award in the sum of $1,400.00 in this case.

In Re: No. 2111—Reginald L. Hamilton and Chicago Title and Trust Company, *vs.* State of Illinois, Lot 3 in Block 47, Unit No. 4:

This lot faces north on Ogden Avenue with a frontage of 50 feet, and is approximately 200 feet deep. Its west line is approximately 150 feet east of the center of the viaduct. It is improved with a one and a half story frame building 20x44 feet. Some of claimant's witnesses fix the damages in this case as high as $2,300.00, and the lot was entirely paid for, the property having cost $6,300.00. Respondent's witnesses fix the damage at $1,625.00 and $1,400.00 respectively. After viewing the property and considering the evidence, both documentary and oral, we are of the opinion that an award in the sum of $1,600.00 would be fair and reasonable, and therefore we are recommending an award in the sum of $1,600.00 in this case.

In Re: No. 2112—M. J. Ruseckas *vs.* State of Illinois, Lot 2 in Block 47, Unit No. 4:

The property in this case fronts north on Ogden Avenue, and is 50 feet wide and 200 feet deep. Claimant's witnesses fix the damage in this case at $1,575.00, $1,875.00, $1,100.00 and $1,500.00, while witnesses for the State fix the damage at $625.00 and $800.00. After looking at the premises and considering all the evidence, we are of the opinion that damages of $800.00 should be awarded in this case, and we, therefore, recommend an award of $800.00 in this case.

In Re: No. 2113—Joseph Sitarski and Chicago Title and Trust Company, as Trustee, *vs.* State of Illinois, Lot 1 in Block 47, Unit No. 4:

This property is on the corner of Ogden and Garfield Avenues and fronts north on Ogden, is approximately 50 feet wide and 200 feet deep, and its east line is about 180 feet west of the east end of the viaduct, and is unimproved. Witness Elmore for the claimant fixed the damage here at $2,965.00. Witness Miller for the claimant fixed the damage at $1,650.00. Witness Matter for the claimant fixed the damage at $3,975.00 and witness Chalberg fixed the damage at $2,900.00. The

State's witnesses, Farnsworth and Crist, place the damage to the property at $1,125.00 and witness Adams, for the State, fixed the damage at $920.00. After viewing the premises and considering all of the evidence, we are of the opinion in this case that the sum of $1,400.00 would be a fair and reasonable value, and we recommend an award in the sum of $1,400.00 in this case.

In Re: No. 2114—Antonie Sevcik *vs.* State of Illinois, Lot 6 in Block 46, Unit No. 4:

This property fronts north on Ogden Avenue, and is approximately 250 feet west of the center of the viaduct, and is 50 feet wide and 200 feet deep, along McKinley Avenue. Claimant is a widow and her witnesses fixed the damage to this property at $1,725.00, $1,200.00, $2,050.00, $1,450.00, and the State's witnesses, two of them, fix the damage at $625.00 and one at $800.00. After a view of the premises, and consideration of all the evidence, we are of the opinion that the sum of $900.00 would be a reasonable award in this case, and, therefore, recommend an award in the sum of $900.00 in this case.

In Re: No. 2115—Charles A. Sevcik *vs.* State of Illinois, Lot 5 in Block 46, Unit No. 4:

This lot fronts 50 feet on Ogden Avenue and is 200 feet deep, and the east line of said lot is about 200 feet west of the center of the viaduct. It is vacant and unimproved. His mother was Antonie Sevcik mentioned above. Witnesses for claimant fix the damages at $1,040.00, $1,000.00, $1,075.00 and $1,300.00. Respondent's witnesses fix a damage of $500.00 and $675.00. From a consideration of all of the testimony, and after viewing the premises, we are of the opinion that these premises have been damaged to the extent of $750.00, and we recommend an award in the sum of $750.00 in this case.

In Re: No. 2116—Gaetano Siciliano *vs.* State of Illinois, Lot 4 in Block 46, Unit No. 4:

This property fronts on Ogden Avenue and is unimproved. Its east line is about 150 feet west of the center of the viaduct. The property was bought for business purposes.

Claimant's witness Elmore places the damage at $1,110.00. Witness Miller and two members of the DuPage County Real Estate Committee place the amount of damage at $935.00. Claimant's witness, Matter, placed the damages at $1,200.00, and claimant's witness, Chalberg, fixed the damage in the sum of $1,000.00. Two of the State's witnesses fixed the damage at $500.00 and one at $675.00. From a consideration of all of the evidence in this case, and after viewing the premises, we are of the opinion that an award in the sum of $750.00 is fair and reasonable, and we recommend an award in the sum of $750.00 in this case.

IN RE: No. 2117—MAUD FARRIS AND CHICAGO TITLE AND TRUST COMPANY, AS TRUSTEE, vs. STATE OF ILLINOIS, Lot 3 in Block 46, Unit No. 4:

This property fronts 50 feet north on Ogden Avenue and is 200 feet deep. The premises are unimproved. The damage in this case as testified to by the witnesses for the claimant is $1,180.00, $935.00, $1,250.00 and $1,200.00. Two witnesses for the State fix the damages in the sum of $500.00, while one witness places it at $625.00. After a view of the premises, and in consideration of all of the evidence in this case, we are of the opinion that the sum of $750.00 would be a fair and reasonable amount, and we therefore recommend an award in the sum of $750.00 in this case.

IN RE: No. 2118—FRANK PELKA vs. STATE OF ILLINOIS, Lot 2 in Block 46, Unit No. 4:

This property fronts 50 feet north on Ogden Avenue and is 200 feet deep, and is unimproved. The owner paid the sum of $2,000.00 cash for this lot on August 4, 1926. Claimant's witnesses claim damage to this property by reason of the construction of this improvement in the sum of $1,250.00, $1,325.00 and $1,300.00. Two witnesses for the State fix the damage at $500.00 and one at $800.00. This court is of the opinion that the damage to the property in this case sustained by the owner is the sum of $900.00, and we recommend an award in this case of the sum of $900.00.

IN RE: No. 2119—LOUIS ZAGATA *vs.* STATE OF ILLINOIS, Lot 1 in Block 48, Unit No. 4:

The property in question is on the corner of Ogden Avenue and Route 53, approximately 50 feet wide and 200 feet deep, fronting on Ogden Avenue. The property was purchased on October 15, 1926, for $3,950.00, and is unimproved. The purchase price, however, of these premises is not considered by the court as competent evidence, but is merely mentioned here to show what was considered as values on the date of the purchase and not at the time of the construction of the improvement. He paid cash for the premises. The damages in this instance are fixed by claimant's witnesses as follows: Elmore, $2,365.00; Miller, $1,750.00; Matter, $2,690.00; Chalberg, $2,150.00; and for the State, by the witnesses Farnsworth and Crist, at $750.00 and by witness Adams, the amount of $750.00. We are of the opinion that in this instance the damage sustained by the owner is the sum of $1,250.00, and we recommend an award in this case in the amount of $1,250.00.

IN RE: No. 2120—MICHELE DICINTIO AND CHICAGO TITLE AND TRUST COMPANY, AS TRUSTEE, *vs.* STATE OF ILLINOIS, Lot 6 in Block 45, Unit No. 4:

The property in question is on the corner of Dumoulin Avenue and Ogden Avenue, fronting 50 feet on Ogden Avenue and 200 feet on Dumoulin. The east end of the lot is at the end of the west aproach to the bridge. It is vacant and unimproved. On July 1, 1926, claimant agreed to pay $1,650.00 for same. Claimant's witness Elmore fixed the damages to this lot in the sum of $655.00; witness Miller in the sum of $950.00; witness Matter in the sum of $700.00, and witness Chalberg the sum of $1,000.00, sustained by this property on account of the improvement. The State's witnesses fixed the damages at nothing, being the same value after the construction of the improvement as before. It is the opinion of this court that the amount of damages in this case is $500.00, and we are, therefore, recommending an award in this instance in the sum of $500.00.

In Re: No. 2121—Roman Kieszkowski vs. State of Illinois, Lot 5, in Block 45, Unit No. 4:

The property in question fronts on Ogden Avenue. It is 50 feet wide and 200 feet deep. The west line of the lot is at the west end of the approach to the overhead pass. It was purchased July 26, 1926, for $1,250.00, and is unimproved. The claimant paid cash for the lot. Claimant's witnesses place the damage to this lot on account of the improvement, one at $1,100.00, one at $625.00, one at $900.00, and two of respondent's witnesses place the damage at $400.00 and one of respondent's witnesses thought the property was worth as much after the improvement as before. Considering our view of the property and all the evidence, we have the opinion that this property has been damaged to the extent of $600.00, and recommend an award in the sum of $600.00 in this case.

In Re: No. 2122—Edward Vana and Chicago Title and Trust Company, as Trustee, vs. State of Illinois, Lots 3 and 4 in Block 45, Unit No. 4:

The lots in question are each 50 feet wide and 200 feet deep. The west line of lot 4 is 50 feet east of the west end of the bridge. The lots were purchased in August, 1926, for the sum of $2,500.00, and improved by a residence at a cost of $4,800.00. There is a balance due on the lots and building of $4,500.00. The house is a one-story and basement frame building with five rooms, also a frame garage 14x18. The property is landscaped. It also has a small building used as a chicken house and all fenced in. The house was built in 1929. Claimant's witnesses fix the damage in this case at different sums. One witness testified the damage was $2,410.00. Another witness fixed the damage at $2,815.00, one at $2,425.00 and another at $3,750.00. Two of respondent's witnesses fixed the damage at $1,825.00 and one at $1,250.00. We are of the opinion that the damages sustained in these premises are the sum of $2,300.00, and we recommend an award in this case in the sum of $2,300.00.

In Re: No. 2123—Laddy Vasatko vs. State of Illinois, Lot 2 in Block 45, Unit No. 4:

This property fronts north on Ogden Avenue, is 50 feet wide and 200 feet deep. It was purchased August 20, 1926,

for $1,450.00 cash. It is vacant and unimproved. One of claimant's witnesses places the damage in this case at $865.00, another at $900.00, another at $1,100.00, and another at $900.00. Two of respondent's witnesses fixed the damage at $500.00 and one at $630.00. Considering our view of the premises and all the facts in the case, we are of the opinion that this property has been damaged to the extent of $700.00, and we recommend an award in this case in the sum of $700.00.

In Re: No. 2124—Chicago Title and Trust Company, as Trustee, vs. State of Illinois, Lot 1 in Block 45, Unit No. 4:

This property is at the corner of Ogden and McKinley Avenues, fronting 50 feet on Ogden Avenue and 200 feet on McKinley Avenue. The west line of the lot is approximately 200 feet east of the west end of the overhead pass, and the property is unimproved. One of claimant's witnesses fixed the damage to these premises at $1,675.00, another at $1,200.00 and another at $2,050.00, and another at $1,450.00. The respondent's witnesses fixed the damage to these premises, two at $625.00, and one at $800.00. After considering all of the facts in the case, we are of the opinion that the sum of $900.00 would be fair and reasonable damages sustained. We, therefore, recommend an award in the sum of $900.00 in this case.

In Re: No. 2125—Leo J. Zitzman, Foreman-State Trust & Savings Bank, as Trustee, and Charles Albers, Receiver of Foreman-State Trust & Savings Bank, vs. State of Illinois, Lot 24 in Block 19, Unit No. 1:

This property is located on the corner of Ogden Avenue and Route 53. It faces south on Ogden Avenue 50 feet, and 170 feet on Route 53. It is vacant and unimproved. It was sold on January 2, 1930, for $3,950.00. Route 53 is the approximate center of the viaduct, and it was for the crossing of this highway that the overhead pass was built. One of claimant's witnesses fixed the damages in this case at $2,415.00, another at $1,680.00, another at $2,900.00 and still another witness for claimant fixed the damages at $2,000.00. Two of respondent's witnesses fixed the damages in this case at $750.00 and one at $700.00. We are of the opinion, after

consideration of all of the facts before us, that the reasonable damages sustained by this property are in the sum of $1,200.00 and we therefore recommend an award in this case in the sum of $1,200.00.

In RE: No. 2126 — MARGARET BEAZLEY, FOREMAN-STATE TRUST & SAVINGS BANK, AS TRUSTEE, AND CHARLES ALBERS, RECEIVER OF FOREMAN-STATE TRUST & SAVINGS BANK, *vs.* STATE OF ILLINOIS, Lot 23 in Block 19, Unit No. 1:

This property fronts south on Ogden Avenue and its east line is 50 feet west of the center of the viaduct. It is vacant and unimproved. It was purchased July 9, 1926, for $2,000.00, of which $1,500.00 has been paid by Mrs. Beazley. It was bought as commercial property. One of claimant's witnesses fixed the damage in this case at $1,275.00, another at $1,020.00, another at $1,475.00, another at $1,170.00. Two of respondent's witnesses fixed the value of the damages to this lot at $450.00, and another one at $787.00. In view of all of the facts before us, we are of the opinion that these premises have sustained damages in the sum of $750.00, and we therefore recommend an award in the sum of $750.00.

In RE: No. 2127—PATRICK CREAGH, FOREMAN-STATE TRUST & SAVINGS BANK, AS TRUSTEE, AND CHARLES ALBERS, RECEIVER OF FOREMAN-STATE TRUST & SAVINGS BANK, *vs.* STATE OF ILLINOIS, Lots 21 and 22 in Block 19, Unit No. 1:

These lots are each 50 feet wide and 170 feet deep, fronting south on Ogden Avenue, the east line of Lot 22 being about 100 feet west of the center of the overhead pass. The lots were purchased September 20, 1926, for $3,700.00, and are unimproved. One of claimant's witnesses fixed the damage here at $2,340.00, another at $1,670.00 and another at $2,725.00 and still another at $2,200.00. Witnesses for the State, two of them fixed the damage at $900.00, and one at $1,125.00. In view of all the facts and circumstances, we are of the opinion that the damage sustained on account of the improvement in this case is $1,250.00, and we therefore recommend an award in this case in the sum of $1,250.00.

632

In Re: No. 2128—Frank W. Stach vs. State of Illinois, Lots 19 and 20 in Block 19, Unit No. 1:

This property fronts south on Ogden Avenue. The lots are each 50 feet wide and 170 feet deep and are unimproved. The lots were purchased about 9 years ago for $3,420.00. The east line of Lot 20 is about 200 feet west of the center of the overhead pass. One of claimant's witnesses fixed the damage to these lots at $2,144.00, another at $1,670.00, another at $2,545.00, another at $2,200.00. Two witnesses for the State fixed damages at $900.00 and another at $1,125.00. After a careful consideration of all the facts before us, we have decided that the reasonable amount of damage sustained by these lots is in the amount of $1,250.00, and we therefore recommend an award in this case in the sum of $1,250.00.

In Re: No. 2129—William D. Hurry, Foreman-State Trust & Savings Bank, as Trustee, and Charles Albers, Receiver of Foreman-State Trust & Savings Bank, vs. State of Illinois, Lot 18 in Block 19, Unit No. 1:

This property fronts south on Ogden Avenue. Its west line is about 250 feet east of the west end of the viaduct. It is also 170 feet deep, and was purchased September 15, 1926, for $1,950.00. It is vacant, unoccupied and unimproved. One of claimant's witnesses fixed the damage in this case at $1,225.00, another at $1,000.00, another at $1,410.00, and another at $1,320.00. Two of respondent's witnesses fixed the damages at $450.00, and one at $540.00. After consideration of all of the facts in this case, we are of the opinion that the damages sustained in this case are in the sum of $750.00, and we therefore recommend an award in this case in the sum of $750.00.

In Re: No. 2130—Sam Montori, Foreman-State Trust & Savings Bank, as Trustee, and Charles Albers, Receiver of Foreman-State Trust & Savings Bank, vs. State of Illinois, Lot 17 in Block 19, Unit No. 1:

This lot fronts south on Ogden Avenue, and is 50 feet wide and 170 feet deep. The west line of the lot is about 200 feet east of the west end of the viaduct, and it was purchased

February 25, 1931, for $1,200.00. It is vacant and unimproved. One of claimant's witnesses fixed the damage in this case at $715.00, another at $835.00, another at $800.00 and another at $1,100.00. Two of the State's witnesses fixed the damage to this property at $450.00, and one at $540.00. We are of the opinion that the damage sustained by these premises is the sum of $650.00, and we are, therefore, recommending an award in the sum of $650.00.

IN RE: No. 2131—FOREMAN-STATE TRUST & SAVINGS BANK, AS TRUSTEE AND CHARLES ALBERS, RECEIVER OF FOREMAN-STATE TRUST & SAVINGS BANK, *vs.* STATE OF ILLINOIS, Lot 16 in Block 19, Unit No. 1:

This lot fronts 50 feet on Ogden Avenue, is on the north side of the highway and is 170 feet deep. It is vacant and unimproved. It was purchased in 1928 for the sum of $1,600.00. One of claimant's witnesses fixed the damage in this case at $995.00, another at $835.00, one at $1,175.00, and another at $1,100.00. Two of the witnesses for the State fixed the amount of damages at $450.00 and one at $540.00. We are of the opinion from the evidence in this case that the reasonable value of damages sustained by the premises would be the sum of $650.00, and we therefore recommend an award in this case in the sum of $650.00.

IN RE: No. 2132—FRED J. BUDOVEC, ADMINISTRATOR OF THE ESTATE OF ANNA BUDOVEC, FOREMAN-STATE TRUST & SAVINGS BANK, AS TRUSTEE, AND CHARLES ALBERS, RECEIVER OF SAID BANK, *vs.* STATE OF ILLINOIS, Lot 15 in Block 19, Unit No. 1:

This lot fronts south on Ogden Avenue, is 50 feet wide and 170 feet deep, and was purchased August 4, 1926, for $1,600.00. It is vacant and unimproved. The west line is about 100 feet east of the west end of the overhead pass. It was paid for in cash. One of claimant's witnesses fixed the damages here at $995.00, another at $835.00, another at $1,150.00, and another at $1,100.00. Two of the witnesses for the State fixed the damages at $450.00 and one in the sum of $540.00. After consideration of all of the facts and the circumstances before us, we are of the opinion that the damages sustained are in

the sum of $650.00, and we are therefore recommending an award in this case in the sum of $650.00.

In Re: No. 2133 — Andrew Worzeken, Foreman-State Trust & Savings Bank, as Trustee, and Charles Albers, Receiver of Said Bank, vs. State of Illinois, Lot 14 in Block 19, Unit No. 1:

This lot fronts south on Ogden Avenue and is 50 feet wide and 170 feet deep. The west line of the lot is a little over 50 feet east of the end of the viaduct. The lot was purchased October 4, 1926, for $1,750.00. One of the claimant's witnesses fixed the damage at $1,075.00, another at $835.00, another at $1,275.00 and another at $1,100.00. Two of the State's witnesses fix the damages here at $450.00 and one at $540.00. After consideration of all the testimony in this case, we are of the opinion that the damages sustained are in the sum of $650.00, and we are, therefore, recommending an award for damages in this case in the sum of $650.00.

In Re: No. 2134—John Hutter, Foreman-State Trust & Savings Bank, as Trustee, and Charles Albers, Receiver of Said Bank, vs. State of Illinois, Lots 12 and 13 in Block 19, Unit No. 1:

These lots are adjacent to each other and each fronts 50 feet south on Ogden Avenue, and is 170 feet deep. Lot 12 extends along Dumoulin Avenue, the east line of which is approximately 10 feet east of the west end of the viaduct. They were purchased August 30, 1926, for $4,200.00, and both are unimproved. Claimant owes a balance of $950.00 on the premises. One of claimant's witnesses fixed the damages here at $2,290.00, another at $1,500.00, another at $3,150.00, and another at $1,900.00. All of the State's witnesses testified that there were no damages to the property in question. However, after consideration of all the facts and circumstances in the case, we are of the opinion that the claimants actually suffered damages of $800.00 to these premises, and we are, therefore, recommending an award in the sum of $800.00 in this case.

In Re: No. 2135—H. M. Chase and Northern Illinois Real Estate Improvement Corporation *vs.* State of Illinois, Lot 17, in Block 13, Unit No. 1:

This lot is on the north side of Ogden Avenue, and is about 61 feet wide and 170 feet deep, purchased January 15, 1929, for $2,600.00. This lot is located a little over 180 feet west of the east line of the viaduct with no access from the east owing to the fact, as hereinbefore stated, the roadway on the grade on the north side of the viaduct was never opened through. The premises are improved by a 20x64 combination store and residence quarters in the rear. The store is 20x32, and the living quarters consist of 6 rooms and bath. He is occupying these premises as a residence and grocery and meat market. The cost of the building was $3,800.00 and as we understand the record, the claimant is in debt for these premises in the sum of $5,700.00. A witness for the claimant testified the damages sustained by reason of this improvement was the sum of $3,070.00, another at $2,550.00, another at $3,230.00 and another at $4,150.00. Two of the State's witnesses fixed the damages at $2,000.00 and a third State's witness fixed the damages at $2,520.00. After consideration of all the facts and circumstances before us, we are of the opinion that the claimant has actually suffered damages in the sum of $2,400.00, and we are, therefore, recommending an award in this case in the sum of $2,400.00.

In Re: No. 2136—Foreman-State Trust & Savings Bank, as Trustee, and Charles Albers, Receiver of Said Bank, *vs.* State of Illinois, Lot 16 in Block 13, Unit No. 1:

This property fronts south on Ogden Avenue and is immediately west of the Chase property. It is 50 feet in width and 170 feet deep, and is in the tier of lots that are dead-ended towards the east end of the viaduct. The property was purchased in 1928 for $2,400.00, and is unimproved. One of claimant's witnesses fixed the damages to these premises·in the sum of $1,555.00, another at $1,000.00, another at $1,975.00 and another in the sum of $1,500.00. Two of the State's witnesses fixed the damage at $500.00 and a third State's witness fixed the damage at $900.00. After a careful consideration of all the facts and circumstances in this case, we are of the

opinion that a reasonable amount of damages sustained would be the sum of $850.00, and we are, therefore, recommending an award in this case in the sum of $850.00.

In Re: No. 2137—Sam Dosick and Arthur T. McIntosh vs. State of Illinois, Lots 14 and 15 in Block 13, Unit No. 1:

This property is unimproved, and the east line of Lot 14 is approximately 100 feet east of the center of the viaduct. The lots are each 50 feet in width and 170 feet deep. They were sold in 1926 for $3,800.00. One of claimant's witnesses fixed the amount of damages to this property at $2,410.00, another at $2,060.00, another at $2,900.00 and another at $3,050.00. Two of the State's witnesses fix the amount of damages in this case at $1,000.00 and a third State's witness fixed the damage at $1,800.00. After a careful consideration of all of the facts before us, and after viewing the premises, we are of the opinion that these lots have sustained a damage in the sum of $1,750.00, and we are, therefore, recommending an award in this case in the sum of $1,750.00.

In Re: No. 2138—Zygmunt Dobkowski and Filip Dobkowski vs. State of Illinois, Lot 13 in Block 13, Unit No. 1:

This property was purchased on April 4, 1929, for $3,950.00, all of which was paid. The lot fronts 50 feet on Ogden Avenue and is 170 feet deep, running along Route 53, and is at the center of the viaduct. The premises are improved with a one-story frame building of 4 rooms for a residence. They also put in a gas station 14x16 feet with a canopy roof, concrete drive, and a roof above the concrete. They also made further improvements by a cesspool and toilet facilities. The cost of the improvement is claimed to be a little over $5,000.00. One of claimant's witnesses testified that the damage in this case was in the sum of $2,960.00, another at $4,350.00, another at $3,500.00 and another at $3,200.00. Two of the State's witnesses fixed the damage at $1,350.00 and one at $2,300.00. After viewing the premises and carefully considering all of the evidence in this case, we are of the opinion that the damages reasonably sustained by the claimants amount to $3,200.00, and we are, therefore, recommending an award in this case in the sum of $3,200.00.

In Re: No. 2174 — Frank A. Haumesser and Margaret Haumesser vs. State of Illinois:

There are two pieces of property involved in this claim. One is on the northwest corner at the intersection of Ogden Avenue and the old Joliet Road, and is occupied as a residence by the claimants. They have lived there for many years, and it was acquired by descent from his parents. It contains approximately two acres, and fronts on Ogden Avenue and Joliet Road. It is improved with a brick veneer house which is about six years old, with all modern conveniences, and consists of 7 rooms and basement. The house is approximately 30x40 feet in area and 2 stories high. There is a greenhouse on the property 33x19 with a small workhouse in the back of it, which is about 12x19. It is improved also with a brick garage which is 30x20 feet. The house cost approximately $15,000 to build, and the garage cost $750.00. The west 180 feet of this property at the northwest corner of Ogden Avenue and the Joliet Road has been entirely cut off from access to Ogden Avenue by the construction of this overhead pass. It is only about 6 or 8 feet from the north wall of the overhead pass to the property line. The concrete slab or ramp that was built on the north of the viaduct starts at Route 53 and dead-ends at the west end of the property herein mentioned. Prior to the building of the overhead pass, the premises were level with the surrounding land and were improved with a 20 foot slab of concrete for roadway purposes. There is also involved in the claim about 5 acres over by the Haumesser's on the southeast corner of Ogden Avenue and Joliet Road. It is claimed in this instance that damages have been sustained by reason of the change in the drainage system, and that a half acre of peonies was destroyed, which was worth about $1,000.00. The claimants place a value of $40,000.00 on this property before the improvement, and $30,000.00 after the improvement. Two of the witnesses for the claimants testified that the damages sustained amounted to $9,465.00, and two of the witnesses for the State fixed the damages at $2,000.00. Another witness for the State fixed the damages at the sum of $3,170.00. After careful consideration of all the facts in the premises, we are of the opinion, after viewing the property, that claimants have sustained damages to the premises

by reason of the construction of this improvement in the sum of $5,250.00, and we are, therefore, recommending an award in this case of $5,250.00.